# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICENTE MARTINEZ, et al.,**
*on behalf of himself and all others similarly situated*,

      **Plaintiffs,**

    v.            Case No. 11-C-259

**REGENCY JANITORIAL SERVICES INC, et al.**

      **Defendants.**

## DECISION AND ORDER DENYING THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

**I. PROCEDURAL HISTORY**

On March 11, 2011, Vicente Martinez and Maria Sandoval filed a complaint on behalf of themselves and others similarly situated alleging that their current or former employer, Regency Janitorial Services, Inc. along with its owner, Maggie Kusch, (referred to here collectively as "Regency") violated the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL") by failing to pay overtime compensation for work in excess of 40 hours per week and failing to pay them for all time they worked. (Docket No. 1.)

Following Regency answering the complaint, (Docket No. 4), and all parties consenting to the full jurisdiction of a magistrate judge, (Docket Nos. 6, 8), the court held a scheduling conference on June 13, 2011, (Docket No. 13). In accordance with the discussions that occurred during that conference, the court issued a scheduling order the next day. (Docket No. 12.) Neither in the Rule 26(f) report, or at the Rule 16 conference, did the defendants suggest that they anticipated filing any sort of motion under Federal Rule of Civil Procedure 12. The contemplated filing should have been

brought to the court's attention for scheduling purposes. Nonetheless, on July 19, 2011, the defendants filed what they have captioned as a "Motion for Judgment on the Pleadings" under Rule 12(c). (Docket No. 14, 15.) However, at various points Regency refers to the motion as a motion to dismiss.

**II. THE RELATIONSHIP BETWEEN RULES 12(b)(6) AND 12(c).**

The distinction between a motion to dismiss under Rule 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c) is largely without consequence. While a motion to dismiss under Rule 12(b)(6) must be filed before filing an answer to the complaint, the Court of Appeals for the Seventh Circuit has held that after the close of the pleadings a defendant may raise various Rule 12(b) defenses in a motion for judgment on the pleadings under Rule 12(c). Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). Under these circumstances, the court reviews the motion using the same standards applicable to the corresponding Rule 12(b) motion. Id.; United States v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991). Alternatively, in a motion for judgment on the pleadings, the movant may ask the court to consider the merits of the underlying claim, in which case the court must analyze the motion under the same standards applicable to a motion for summary judgment. Alexander, 994 F.2d at 336. The difference is that unlike a motion for summary judgment, under these circumstances the court can consider only the pleadings when determining whether there is a dispute of material fact and whether the moving party is entitled to judgment as a matter of law. Id.

Regency's present motion falls within the former category and thus, for all intents and purposes, is a motion to dismiss under Rule 12(b)(6). The plaintiffs have responded to this motion, (Docket No. 16), and Regency has replied, (Docket No. 18). Therefore, the matter is now ready for resolution.

### III. MOTION TO DISMISS STANDARD

A civil complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The Rule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)); see also Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. Ill. 2010) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215 at 165-173 (3d ed. 2004) ("[A]ll that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity.).

In recent years, the Supreme Court addressed the question of just how short and plain that statement may be. See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Seventh Circuit synthesized the recent holdings of the Court regarding the pleading standard set forth in Rule 8(a)(2) and stated:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

Brooks, 578 F.3d at 581.

This trio of Supreme Court cases did not somehow reinstate the old fact-pleading requirements; it remains true that specific facts are not necessary. Swanson, 614 F.3d at 404. Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

3

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (quoting Twombly, 550 U.S. at 556, 557, 570) (internal citations and quotation marks omitted).

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief.

Id. at 1950 (internal citations, brackets, and quotation marks omitted). A complaint is not insufficient merely because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (internal quotation marks omitted).

> As this court has said before,
>
> The amount of facts that must be alleged in a complaint to present a plausible claim will vary based upon the nature of the claim. Certain claims may require a relatively minimal factual recitation to present a plausible claim (e.g. a claim to recover on a contract for nonpayment) whereas others might require substantially more detailed factual allegations to demonstrate plausibility (e.g. an antitrust claim). In Twombly, the plaintiffs attempted to allege a violation of § 1 of the Sherman Act, 15 U.S.C. § 1. In Iqbal, the plaintiff attempted to defeat a claim of qualified immunity and demonstrate that high-ranking government officials violated the First and Fifth Amendments by approving a policy that allegedly harmed the plaintiff. The natures of the claims in both these cases were such that they would necessarily require substantially more factually intensive pleadings than many more routine cases. Thus, courts must be cautious so as to not interpret Twombly and Iqbal as requiring detailed factual recitations for all complaints simply because more detailed factual allegations were required in those cases due to the nature of the claims alleged.

EEOC v. Universal Brixius, 264 F.R.D. 514, 517 (E.D. Wis. 2009). "[I]n many straightforward cases, it will not be any more difficult today for a plaintiff to meet that burden than it was before the Court's recent decisions." Swanson, 614 F.3d at 404.

**IV. SUFFICIENCY OF FLSA CLAIM**

    **A. Factual Allegations**

Although the complaint also contains two claims for alleged violations of the WWPCL, the single claim alleging denial of overtime compensation in violation of the FLSA is the focus of the defendants' present motion because this claim is the basis for the court's subject matter jurisdiction. In the view of Regency, the court should dismiss the FLSA claim and then decline to exercise its supplemental jurisdiction over the remaining state law claims.

The parties agree that the elements of a claim for a denial of overtime compensation under the FLSA are as follows: (1) the plaintiff was employed by the defendant; (2) the defendant is engaged in interstate commerce or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff worked in excess of 40-hours in a workweek; and (4) the defendant did not pay the plaintiff overtime wages. (Docket Nos. 15 at 3-4; 16 at 4 (each citing Morgan v. Family Dollar Stores, 551 F.3d 1233, 1277 n.69 (11th Cir. 2008))).

Regency contends that the complaint is insufficient because the allegations that the plaintiffs were required to work before and after their scheduled work shifts and during unpaid lunch breaks without being paid, without more, is insufficient. (Docket No. 15 at 5.) In Regency's view, the complaint must contain additional details such as what type of work was performed, the amount of time the plaintiffs were required to work, and when this occurred. (Docket No. 15 at 5.) Regency also alleges that the complaint is deficient because it does not contain facts such as specifically where the plaintiffs worked, what shift they worked, the type of work they performed at each location, the specific dates of their employment, and specifically when and how they were denied

5

overtime. (Docket No. 15 at 9.) Although the complaint alleges that each plaintiff was employed by Regency within the last three years, Regency contends this allegation is insufficient because unless the violation is willful, a claim such as this must be brought within two years after it accrues. (Docket No. 15 at 9 (citing 29 U.S.C. § 255(a).) Finally, Regency contends that dismissal is appropriate because the complaint fails to sufficiently allege that Regency is covered by the FLSA. (Docket No. 15 at 10-12.)

A FLSA claim is a fairly straightforward claim. Unlike a case involving financial derivatives or antitrust violations, it does not take much to inform the defendant of the nature of the plaintiff's claim. Cf. Swanson, 614 F.3d at 405. Thus, it is hardly surprising that the complaint in this action is fairly cursory. Although Regency points out that the plaintiffs surely could have included more information in their complaint, this almost always will be true. The determinative question is not whether the plaintiffs could have added more, but whether they included enough.

The complaint clearly does more than simply recite the statutory elements of a claim. The plaintiffs allege that they "worked in excess of forty (40) hours a week in various workweeks over the previous three years from the filing date of this complaint." (Docket No. 1, ¶18.) The complaint continues:

> Defendants, as a matter of policy and practice, do not pay their employees for all hours of compensable work including: (a) work performed prior to the start of a scheduled shift; (b) work performed after the end of a scheduled shift; and (c) work performed during unpaid thirty (30) minute "lunch breaks."

(Docket No. 1 at ¶20.) Specifically, the plaintiffs allege that they were forced to work through their 30 minute unpaid lunch breaks and forced to work both before and after their paid shifts. The result, plaintiffs allege, was that they worked in excess of 40 hours a week for which they were not paid. When they were paid for time worked in excess of 40 hours a week, it was at their standard rate and not the time-and-a-half rate required by the FLSA.

6

These sorts of allegations have been repeatedly found sufficient to state a claim under the FLSA. See Alexander v. HE&M, Inc., 2011 U.S. Dist. LEXIS 7190 (E.D. Okla. Jan. 25, 2011); Spigner v. Lessors, Inc., 2011 U.S. Dist. LEXIS 41729 (M.D. Fla. Apr. 18, 2011); In re Bank of Am. Wage & Hour Empl. Litig., 2010 U.S. Dist. LEXIS 112029 (D. Kan. Oct. 20, 2010) (citing Hawkins v. Proctor Auto Serv. Center, LLC, 2010 U.S. Dist. LEXIS 30772 (D. Md. Mar. 30, 2010); Hoffman v. Cemex, Inc., 2009 U.S. Dist. LEXIS 114130 (S.D. Tex. Dec. 8, 2009); Haskins v. VIP Wireless Consulting, 2009 U.S. Dist. LEXIS 114136, (W.D. Pa. Dec. 7, 2009); Connolly v. Smugglers' Notch Management Co., 2009 U.S. Dist. LEXIS 104991 (D. Vt. Nov. 5, 2009); Acho v. Cort, 2009 U.S. Dist. LEXIS 100064 (N.D. Cal. Oct. 27, 2009)); Flynn v. Stonegate Mortg. Corp., 2010 U.S. Dist. LEXIS 90878 (D. Kan. Aug. 30, 2010); Nicholson v. UTi Worldwide, Inc., 2010 U.S. Dist. LEXIS 138468 (S.D. Ill. Feb. 12, 2010); McDonald v. Kellogg Co., 2009 U.S. Dist. LEXIS 37365 (D. Kan. Apr. 27, 2009); Xavier v. Belfor United States Group, Inc., 2009 U.S. Dist. LEXIS 11751 (E.D. La. Feb. 13, 2009); Puleo v. SMG Prop. Mgmt., 2008 U.S. Dist. LEXIS 66582 (M.D. Fla. Aug. 20, 2008); Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (unpublished). The court shares the view of these numerous other courts from across the country and likewise concludes that the allegations contained within the complaint are sufficient to state a claim under the FLSA.

### B. Timeliness of Claims

The court also rejects Regency's argument that the complaint is deficient because it alleges only that the violations occurred within the past three years. Ordinarily, an action under the FLSA must be brought within two years of when the claim accrues. 29 U.S.C. § 255(a). An exception is if the violation was willful, in which case the claim must be brought within three years of accrual. Id. The complaint clearly alleges that the violations that occurred in this case were willful, (Docket No. 1, ¶¶27, 39), and therefore are not time barred. But even if certain of the allegations were time

7

barred, this would not merit the dismissal of the complaint. Labbe, 319 Fed. Appx. at 764. Timeliness is an affirmative defense that a plaintiff is under no obligation to anticipate and negate in a complaint. Id.

### C. Coverage Under the FLSA

Finally, there is Regency's contention that the plaintiffs have failed to adequately allege that Regency is covered by the FLSA. A worker will be able to obtain relief under the FLSA for improperly compensated overtime only if he or she is employed by an "enterprise engaged in commerce or in the production of goods for commerce" or if the employee is individually "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a). Enterprise coverage applies if the employer "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has annual gross sales of not less than $500,000.00. 29 U.S.C. § 203(s)(1)(A); see also 29 C.F.R. §§ 779.236 – 779.253.

The plaintiffs allege in the complaint that "Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b)." (Docket No. 1, ¶59.)

This is obviously a bare-bones allegation, and it would be preferable if the plaintiff offered more to substantiate this assertion. Nonetheless, the court does not conclude that the failure to present specific facts to support this allegation warrants dismissal of the complaint. Whether the plaintiffs will be able to muster sufficient proof to sustain this assertion is a hurdle they must clear as this litigation progresses. See Hines v. Detail Dynamics, 2011 U.S. Dist. LEXIS 29381 (M.D. Fla. Feb. 28, 2011) (finding in a recommendation regarding a motion for default judgment that cleaning company was an "enterprise" under the FLSA); Pareja v. Priority Care Serv., 2011 U.S.

Dist. LEXIS 568, 10-11 (M.D. Fla. Jan. 4, 2011) (finding a dispute of material fact existed regarding "enterprise" element, thus precluding summary judgment in plaintiff's favor). But the court finds no reason to conclude that detailed factual allegations of the sort sought by the defendants are required at this very early stage. See Spigner, 2011 U.S. Dist. LEXIS 41729.

## V. CONCLUSION

As many courts from around the country have recognized, a claim under the FLSA does not raise a particularly complex cause of action, and thus detailed factual allegations are unnecessary to adequately state a claim. While most every defendant will be able to point to details that a plaintiff omitted from a complaint, the fact that a plaintiff could have said more does not necessarily merit dismissal of a complaint. Even after the Supreme Court's recent decisions interpreting Rule 8, notice pleading remains alive and well in federal courts. In the present case, the plaintiffs have adequately informed Regency of the nature of their claim. They plaintiffs have presented a plausible entitlement to relief by alleging sufficient factual matter to permit the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. Accordingly, the defendants' motion for judgment on the pleadings shall be denied.

**IT IS THEREFORE ORDERED** that the defendants' motion for judgment on the pleadings, (Docket No. 14), is **denied**.

Dated at Milwaukee, Wisconsin this 19th day of September, 2011.

AARON E. GOODSTEIN
U.S. Magistrate Judge