# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VICENTE MARTINEZ et al.,

      Plaintiffs,

      v.                         Case No. 11-C-259

REGENCY JANITORIAL SERVICES, INC., et al.,

      Defendants.

## DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY CLASS CERTIFICATION

**I. PROCEDURAL HISTORY**

Vicente Martinez ("Martinez") and Maria Sandoval ("Sandoval") either currently or formerly worked for Regency Janitorial Services, Inc. ("Regency") as cleaners in the Milwaukee area. (Docket No. 1, ¶¶11-12.) On March 11, 2011, they filed the present action on behalf of themselves and those similarly situated alleging that Regency and its President and General Manager, Maggie Kusch ("Kusch") (defendants are referred to here collectively as "Regency") violated the Fair Labor Standards Act of 1938 ("FLSA") and various state laws by, in part, failing to appropriately compensate them for overtime work. (Docket No. 1.)

On November 21, 2011, the plaintiffs filed a motion seeking conditional certification of this matter as a collective action pursuant to 29 U.S.C. § 216(b). (Docket No. 30.) The defendants have responded to this motion, (Docket No. 38), and the plaintiffs have replied, (Docket No. 42.) The pleadings on this matter are closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge. (Docket Nos. 6, 8.)

## II. LEGAL STANDARD FOR CONDITIONAL CERTIFICATION

Employees may collectively seek relief under the FLSA provided that the members of the prospective class of employees are similarly situated to the named plaintiffs. Brabazon v. Aurora Health Care, Inc., 2011 U.S. Dist. LEXIS 37057 (E.D. Wis. Mar. 28, 2011) (quoting 29 U.S.C. § 216(b)). Unlike a class action under Federal Rule of Civil Procedure 23 where all class members are part of the lawsuit unless they opt out, an individual is part of a collective action under 29 U.S.C. § 216(b) only if he affirmatively opts in. Adair v. Wisconsin Bell, Inc., 2008 U.S. Dist. LEXIS 68942 (E.D. Wis. Sept. 11, 2008) (citing Woods v. N.Y. Life Ins. Co., 686 F.2d 578, 579-80 (7th Cir. 1982)).

Determining whether employees are similarly situated generally requires the court to undertake a two-step inquiry. The first step, which is before the court now, involves a determination as to whether the plaintiffs have made "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Brabazon, 2011 U.S. Dist. LEXIS 37057, *6-*7 (quoting Adair, 2008 U.S. Dist. LEXIS 68942). Courts have described the plaintiffs' burden at this first step as "lenient," whereby the court's inquiry is limited to "whether the proposed plaintiffs are similarly situated with respect to their allegations that the law has been violated." Id. at *8 (quoting Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005)) (ellipses omitted). Although lenient, the plaintiff must still muster some factual support such as "affidavits, declarations, deposition testimony, or other documents" to demonstrate "a factual nexus between the plaintiff and the proposed class or a common policy that affects all the collective members." Nehmelman v. Penn Nat'l Gaming, Inc., 2011 U.S. Dist. LEXIS 111485, *10 (N.D. Ill. Sept. 29, 2011) (quoting DeMarco v. Northwestern Mem'l Healthcare, 2011 U.S. Dist. LEXIS 88651 (N.D. Ill. Aug. 10, 2011); Howard v. Securitas Sec. Servs., USA, 2009 U.S. Dist. LEXIS 3913 (N.D. Ill. Jan. 20, 2009)). While the court need not resolve the substantive

merits of the plaintiffs' claims at this preliminary stage, the court is not required to accept the plaintiffs' allegations as true. Id. at *10-*11. Rather, the court evaluates the record presented by both sides to determine whether the plaintiffs are similarly situated to the putative class members. Id.

The second, more stringent, step occurs after discovery, and is usually prompted by the defendants' motion to decertify the class or to break the class into subclasses. Nehmelman, 2011 U.S. Dist. LEXIS 111485, *11; Adair, 2008 U.S. Dist. LEXIS 68942, *7. The court re-evaluates whether there is sufficient similarity between the named plaintiffs and the opt-in plaintiffs for the matter to proceed to trial on a collective basis. Nehmelman, 2011 U.S. Dist. LEXIS 111485, *11. The primary distinction between the first and second stage is not what evidence a court may consider but rather the plaintiffs' burden of proof. Howard, 2009 U.S. Dist. LEXIS 3913 *9.

### III. ANALYSIS

#### A. Plaintiff's Proposed Class

The plaintiffs seek the court to certify this collective action as encompassing:

> All persons who are or have been employed by Defendants as an hourly paid cleaner within three years prior to this action's filing date who have not received compensation for all hours of work, including: (A) overtime compensation for hours worked in excess of forty (40) in a workweek; or (B) time worked during uncompensated "break" periods.

(Docket Nos. 30 at 1; 31 at 6; 31-1 at 1.)

In their brief, the plaintiffs contend that Regency had the standard practice of paying workers at their regular wage for overtime work rather than at the required time-and-a-half rate. The plaintiffs also allege that Regency would regularly deny workers the 30-minute lunch breaks that were automatically deducted from their pay checks. Regency allegedly denied lunch breaks in a variety of ways including simply refusing workers to take any sort of break, cutting a break short,

3

not allowing the full break to be uninterrupted, or by having workers use time spent traveling between job sites as the break period.

Of the two named plaintiffs, only Martinez alleges he was both denied overtime compensation and denied a full 30-minute break. Sandoval alleges she was denied appropriate overtime compensation but states she always received a full 30-minute break during her time with Regency.

Six other current or former employees of Regency, Jaime Alberto De La Mata, Maribel Esquival, Myrna G. Gonzalez, Isabel Marin, Araceli Gonzalez, and Erika Vazquez, have opted into this lawsuit. (Docket Nos. 11, 27, 29.) Four of these individuals have submitted affidavits in support of the plaintiffs' present motion. (Docket Nos. 32, 33, 34, 35.) Another former Regency employee, Jesus Reyes Glez, has submitted an affidavit but has not filed notice opting into the lawsuit. (Docket No. 36.)

**B. Failure to Pay Overtime at Time-and-a-Half Rate**

All of the individuals who have submitted affidavits in support of the plaintiffs' present motion aver that they were not paid at a time-and-a-half rate for work in excess of 40 hours per week. (Docket Nos. 32, ¶19; 33, ¶¶11-12; 34, ¶¶6-7; 35, ¶¶6-7; 36, ¶¶11-12.) The plaintiffs contend that Regency's practice of "allow[ing] an environment in which hourly employees are permitted to work in excess of forty (40) [sic] in a workweek without overtime compensation of one and a half time their regular pay" is a sufficient nexus binding the proposed collective class together. (Docket No. 42 at 8.)

Aside from bald allegations, the plaintiffs have failed to adequately demonstrate that such an environment might have existed (which negates the need for the court to answer the question of whether merely "allowing an environment" is an adequate policy to permit a collective action). In their initial brief, the plaintiffs do not allege that, other than work done during unpaid lunch breaks,

4

the pay records did not accurately reflect each hour worked. Rather, the plaintiffs allege that employees received pay statements reflecting work in excess of 40 hours during a week that was not paid at a time-and-a-half rate. (Docket No. 31 at 7 ("Instead of the requisite one and a half (1.5) times the regular rate of pay, Plaintiffs were paid at their straight time regular rates for hours that they worked in excess of forty (40) in a workweek.").)

The nature of the claim made by plaintiffs is one that is readily supportable through documentary evidence that is either within the plaintiffs' control or obtainable during the period of discovery established prior to filing the certification motion. Yet, the plaintiffs have failed to present any persuasive evidence supporting their conclusion and instead have chosen to rely upon their own assertions. But more significantly, the scant evidence that has been presented, including evidence from an opt-in plaintiff that purports to support his claim that he was not appropriately compensated for overtime, supports the opposite conclusion, i.e. that Regency's employees were paid at a time-and-a-half rate for overtime work.

Since the pay statements produced do not explicitly show a different pay rate for the overtime hours listed, one might conclude that workers were paid at the standard rate for overtime work. But the full picture is not disclosed by a quick glance. A calculation of what the workers actually received reveals that they were properly compensated for overtime work. For example, contrary to his assertions, a mathematical calculation of Jaime Alberto De La Mata's pay records clearly indicates that when he worked overtime, he was compensated at a time-and-a-half rate. (See Docket No. 32 at Exhibit B ((80 hours X $9.50 / hour) + (2 hours overtime X ($9.50 X 1.5)) = $788.50).) The same is true for the named plaintiff, Sandoval, according to her 16 pay records submitted by Regency. (See, e.g., Docket No. 40-1 at 1 ((72 hours X $10.70 / hour) + (3.17 hours overtime X ($10.70 X 1.5)) = $821.28).) And while Sandoval's records indicate that she is regularly compensated at her regular pay rate for up to 88 hours of work during a pay period, this does not

5

suggest the existence of a Regency policy of failing to pay her appropriately for work in excess of 40 hours in 7-day week because the pay statements indicate that Regency operates on a 15-day pay period rather than bi-weekly.

The court cannot ignore the fact that the few pay records submitted demonstrate that these individuals were, in fact, appropriately paid for overtime work. Obviously, the court does not have every pay record of every plaintiff, and thus it is possible that other records may reflect a failure to appropriately pay overtime compensation. But the plaintiffs have not presented any such records. The court believes that it is the plaintiffs' burden, even at this very preliminary and lenient stage, to support their allegations with more than the bald claims in an affidavit. In the face of the records indicating that workers were appropriately paid for overtime, with respect to the broad allegation that Regency had a policy or practice of paying employees their standard wage for work in excess of 40 hours per week, the plaintiffs have failed to adequately demonstrate that any common policy or fact binds together the prospective collective class.

### C. Working Through Unpaid Breaks

Martinez alleges that he "never received a full thirty minutes of uninterrupted unpaid lunch break." (Docket No. 37-11 at 15.) Jaime Alberto De La Mata, Maribel Esquival, and Jesus Reyes Glez also state that at times they did not receive a break, either by being denied a break entirely, having a break interrupted, or not being allowed to rest for the full 30 minutes that was deducted from their paychecks. (Docket Nos. 32, ¶¶13-14; 33, ¶¶8-9; 36, ¶¶8-9.)

While these individuals all allege having been denied appropriate breaks, they fail to point to any common policy or fact that arguably affects the entire proposed class. Instead, the plaintiffs contend that "[t]he common nexus that binds the collective class is the deduction of thirty minutes of pay without regard to whether or not a break was taken." (Docket No. 42 at 10.)

6

Case 2:11-cv-00259-AEG   Filed 01/26/12   Page 6 of 8   Document 45

This court agrees with Judge Stadtmueller's statements in Brabazon and concludes that such an automatic break deduction policy, standing alone, is an insufficient common denominator to justify a collective action. Brabazon, 2011 U.S. Dist. LEXIS 37057, *9 (citing Fengler v. Crouse Health Found., Inc., 595 F. Supp. 2d 189, 195 (N.D.N.Y 2009)). Rather, something more is required, such as a company-wide policy of requiring workers to remain available and responsive during breaks, see id., to justify a company-wide collective action. That something more is missing here.

The closest the plaintiffs come to identifying any sort of policy of denying workers breaks is Maribel Esquival's statement that she was told by the supervisors at her work site that she was not entitled to a break. (Docket No. 33, ¶9). This, at most, reflects a practice of a single work site. Alleged violations that are isolated to specific locations or supervisors are generally insufficient for a company-wide collective action. See Howard, 2009 U.S. Dist. LEXIS 3913, *19-*20 (citing cases).

Directly undercutting the allegation that Regency had a policy or practice to deny workers breaks is the statement of Sandoval who states she always received a 30-minute break. (Docket No. 37-11 at 4, 15.) Moreover, the affidavits of Myrna G. Gonzalez, (Docket No. 34), and Isabel Marin (Docket No. 35), are notably silent on this subject.

The plaintiffs have, at most, presented allegations of isolated FLSA violations. The plaintiffs have failed to present any common thread tying together these workers and the violations they allegedly suffered sufficient to clear even the relatively low hurdle imposed at this first step.

## IV. CONCLUSION

The court shall deny the plaintiffs' motion for preliminary class certification. The plaintiffs all allege they were paid their standard wage rate for overtime work, but the pay records submitted, including the documents submitted by the plaintiffs that purport to support their claim, demonstrate

7
Case 2:11-cv-00259-AEG   Filed 01/26/12   Page 7 of 8   Document 45

that workers were paid at a time-and-a-half rate for overtime work. Although the plaintiffs' burden at this stage is low, under the present circumstances something more than bald affidavits must be presented when the claims are contradicted by documentary evidence. As for the plaintiffs' claim that Regency denied workers their lunch breaks, Regency's alleged practice of automatically deducting a 30-minute lunch break from workers' pay checks is an insufficient nexus to permit the present matter to proceed as a collective action. While some employees might have occasionally been denied their full 30-minute breaks, the plaintiffs have failed to adequately present a common thread tying the prospective class together.

**IT IS THEREFORE ORDERED** that the "Plaintiffs' Motion for Conditional Certification of 29 U.S.C. § 216(b) Collective and Court Appointed Notice," (Docket No. 30), is **denied**.

The court will conduct a Scheduling Conference with counsel for the parties on Thursday, **February 2, 2012** at **9:00 AM** in **Courtroom 254** of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin.

Dated at Milwaukee, Wisconsin this 26th day of January, 2012.

AARON E. GOODSTEIN
U.S. Magistrate Judge