UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VICENTE MARTINEZ et al.,

        Plaintiffs,

        v.                                        Case No. 11-C-259

REGENCY JANITORIAL SERVICES, INC., et al.,

        Defendants.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS
## AND MOTION TO STRIKE

On January 26, 2012, this court denied the plaintiffs' motion for conditional collective action certification under 29 U.S.C. § 216(b), thus concluding that the plaintiffs' alleged violations of the Fair Labor Standards Act of 1938 ("FLSA") may proceed, if at all, as individual actions. (Docket No. 45.) In light of this court's decision, the defendants filed a motion asking the court to decline to exercise its supplemental jurisdiction and dismiss the plaintiffs' related state law claims, which include, most notably, a proposed class action for alleged violations of Wisconsin's wage and hour laws. (Docket No. 49.) While this motion to dismiss was pending, the plaintiffs filed an amended complaint wherein a total of nine individuals were named as plaintiffs and purported class representatives. (Docket No. 54.) The defendants renewed their motion to dismiss the state law claims contained in the amended complaint and additionally moved that the court strike portions of this amended complaint. (Docket No. 56.) The pleadings on these motions are closed and the matters are ready for resolution.

The parties agree that this court may, but is not required to, decline to exercise its supplemental jurisdiction and dismiss the plaintiffs' state law claims. Thus, this dispute is not over what the court *must* do, but rather what the court *should* do. The relevant statute sets forth various factors the court should consider in making its discretionary determination as to whether it will continue to exercise its supplemental jurisdiction.

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In the defendants' view, the state law claims substantially predominate over the remaining federal law claims and the state law claims involve novel questions of state law.

The defendants' current motions appear to depend largely upon their understanding that the court has precluded the plaintiffs from pursuing a renewed motion for conditional certification of their FLSA collective action. While the court indicated its reluctance to simply let the plaintiffs try again for conditional certification, the court explicitly indicated that if discovery uncovered additional facts to support conditional certification, the plaintiffs could try to persuade the court to conditionally certify the FLSA claims as a collective action. (Docket No. 61 at 8.) Therefore, although it may be an uphill battle, it is possible that the plaintiffs' FLSA collective action may be revived. Because the court's prior decision did not necessarily bar the plaintiff from filing a renewed motion for conditional certification, the references to § 216 certification in the amended complaint are not immaterial, and therefore the defendants' motion to strike portions of the amended complaint, (Docket No. 56), shall be denied.

The possibility that the plaintiffs' FLSA collective action may be revived also impacts the court's analysis of whether to continue to exercise its supplemental jurisdiction over the plaintiffs' state law claims. Without the plaintiffs' FLSA collective action, the state law claims of perhaps as many as 902 class members, (Docket No. 51), are riding into federal court on the coattails of nine individuals' FLSA claims. With a 100 to 1 numerical disparity, a reasonable argument can be made that the state law claims predominate over the federal law claims over which the court has original jurisdiction. However, as the Court of Appeals for the Seventh Circuit recently noted, "[a] simple disparity in numbers should not lead a court to the conclusion that a state claim 'substantially predominates' over the FLSA action, as section 1367(c) uses that phrase." Ervin v. OS Rest. Servs., 632 F.3d 971, 980 (7th Cir. 2011). The court of appeals expressly reserved the question of whether "a state-law class might ever so dwarf a federal FLSA action that supplemental jurisdiction becomes too thin a reed on which to ferry the state claims into federal court" but noted that "[i]n the majority of cases, it would undermine the efficiency rationale of supplemental jurisdiction if two separate forums were required to adjudicate precisely the same issues because there was a different number of plaintiffs participating in each claim." Id. at 980-81.

On the other hand, the Court of Appeals for the Third Circuit cited a numerical disparity between the 447 individuals opting into a FLSA collective action and the 4,100 individuals who were a part of the opt-out class for claims arising out of state law as a factor for its decision that the district court's exercise of supplemental jurisdiction was an abuse of discretion. De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 310-11 (3d Cir. 2003). The Seventh Circuit referred to De Asencio as representing "only a fact-specific application of well-established rules, not a rigid rule about the use of supplemental jurisdiction in cases combining an FLSA count with a state-law class action," Ervin, 632 F.3d at 981. The court continued:

> The identity of the issues, the convenience to both plaintiffs and defendants of not having to litigate in multiple forums, and the economy of resolving all claims at once

suggests that an exercise of supplemental jurisdiction will normally be appropriate. In all but the most unusual cases, there will be little cause for concern about fairness or comity.

Id.

A more significant flaw in the defendants' argument focusing upon a numerical disparity is that it assumes that the court will certify the state law claims as a class action under Fed. R. Civ. P. 23. As this court's resolution of the plaintiffs' motion for conditional certification under § 216 exemplifies, the outcome of any such motion depends upon the facts presented to the court. Should the plaintiffs file a motion for class certification of the state law claims, the court might deny it, in which case there would be little reason to allege that the individual plaintiffs' state law claims predominate over any claim arising under federal law. Alternatively, the court might grant a renewed motion to certify a collective action under the FLSA, in which case the numerical gap between class members and opt-in members of the collective action likely would be substantially narrowed.

With respect to the defendants' contention that this case is likely to present novel questions of state law such that it would be most appropriate for a state court to address the issues, the court finds this argument unpersuasive. To the extent that the scope of the term "employer" in this context is actually a novel question under Wisconsin law, the court finds no reason to believe that this question is one that is best reserved to a state court. Resolution of any question as to the meaning and scope of statutory or regulatory definitions of a term is a routine and ordinary task for this court, and this particular analysis certainly is not one that is likely to involve complex policy considerations such this court's decision may intrude upon the province of the state.

Irrespective of what might happen in this case as it progresses, the court finds that the potential or even actual certification of a class with respect to the state law claims insufficient to warrant this court declining to continue to exercise its supplemental jurisdiction over the plaintiffs'

state law claims. Having considered all relevant factors, the court concludes that it is ultimately the efficiency rationale that underlies supplemental jurisdiction, see Ervin, 632 F.3d at 980-81, which leads the court to deny the defendants' motions. The inevitable delay and unnecessary duplication of work for both the parties and the judiciary that would result if this court was to dismiss the plaintiffs' state law claims and require the plaintiffs to proceed with concurrent cases in two forums tips the scales against that outcome.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss, (Docket No. 49), is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss and motion to strike, (Docket No. 56), is **denied**. The defendants shall answer the amended complaint, (Docket No. 54), in accordance with the Federal Rules of Civil Procedure and this district's local rules. This court's prior scheduling order, (Docket No. 47), remains in effect.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2012.

AARON E. GOODSTEIN
U.S. Magistrate Judge